Section 34-9-25, Code 1975, formerly Title 46, § 120 (30), provides for determination by the circuit court as to whether the order of the Board of Dental Examiners is unlawful or arbitrary. Such judicial determination may include a ruling on an allegation that the dentist was not afforded due process of law. However, as stated by the majority, section 34-9-25 does not provide for a de novo hearing in the circuit court.
Since a hearing in an action brought under section 34-9-25 to set aside an order of the Board is not de novo, the scope of review by the circuit court should be a determination as to whether the order is supported by the evidence introduced before the Board as well as other evidence presented to the circuit court. If so, the order should not be disturbed by the trial court. Further, I agree with the majority that, if denial of due process is alleged, the dentist has a clear right to introduce evidence not included in the transcript of the proceedings before the Board which tends to establish his claim.
Because the Court of Civil Appeals did not adopt this interpretation of the scope of review under section 34-9-25, it was unnecessary for that court to determine whether the trial court erred in holding that the Board acted unlawfully or arbitrarily or in such a manner as to deny Dr. King due process. Accordingly, by reversing the Court of Civil Appeals on this issue, it does not necessarily follow that the circumstances of this case mandate affirmance of the trial court decision.